RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/9/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLES DEAL<br>    LA. DOC #363863<br>VS. | CIVIL ACTION NO. 1:11-cv-0699<br>SECTION P<br>JUDGE DEE D. DRELL |
| WARDEN TIMOTHY WILKINSON | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Charles Deal filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on May 3, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Winn Corrections Center, Winnfield, Louisiana. Petitioner attacks his 2007 convictions for attempted second degree murder and the concurrent 25-year sentences imposed by the Ninth Judicial District Court, Rapides Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

During the evening hours of October 9, 2006 Travis Miller and Porsha Malone were shot while seated in Ms. Malone's automobile

parked outside of the Chateau Deville Apartments in Alexandria, Louisiana. Both victims identified petitioner – Ms. Malone's estranged boyfriend and the father of her two children – as the assailant. [Doc. 1-2, pp. 130-139 (Statements of Miller and Malone given to Detective Darren Edwards)] On October 10, 2006 the police obtained an arrest warrant for the petitioner and he was subsequently located in Chenyville where he surrendered to the officers without incident. Petitioner was advised of his rights, waived them, and confessed to the crime. [*Id.*, pp. 125-129 (Police Reports)].

On December 6, 2006 petitioner was charged via Bill of Information with two counts of attempted first degree murder. [*Id.*, p. 117] He was arraigned on December 15, 2006 and entered a plea of not guilty. [*Id.*, p. 118 (Court Minutes)] In due course, on April 5, 2007, petitioner's attorney, Glenn G. Cortello, filed Motions for Discovery. [*Id.*, pp. 122-124; 140-142]

On June 18, 2007 petitioner accepted a plea offer and agreed to consecutive 25-year hard labor sentences. Petitioner also waived his right to appeal his conviction and sentence or to seek reconsideration of sentence, a new trial, amendment of sentence or post-conviction relief. [*Id.*, p. 121; see also transcript of plea colloquy and plea, pp. 1-14] Petitioner admitted under oath that he had read and understood the plea agreement [*Id.*, p. 5] and that he understood his various rights [*Id.*, pp. 5-7]. He also was informed

of the nature of the offense and the minimum and maximum penalties that could be imposed. [*Id.*, pp. 7-8] He denied any promises, inducements, or encouragements to plead other than those set forth in the plea agreement. [*Id.*, pp. 8-9] He admitted that he was pleading guilty because he was in fact guilty and he, his attorney, and the prosecutor denied the existence of any other agreement between petitioner and the State other than the agreement set forth in the plea offer form. [*Id.*, p. 9] The judge was satisfied that there was a factual basis to the plea having read the victim impact statements. The agreed upon sentence was imposed [*Id.*, pp. 9-11] and petitioner asserted, that in accordance with the plea agreement, he would not appeal, seek reconsideration of the sentence, a new trial or any amendment of the sentence or post-conviction relief. [*Id.*, pp. 11-12] Petitioner concluded the proceedings by apologizing to his victims and their respective families. [*Id.*, pp. 12-13]

On July 3, 2007, petitioner, through his attorney, Mr. Cortello, filed a Motion to Withdraw his guilty plea; he alleged that the "... plea was not made freely and voluntarily because [petitioner] was coerced by his family into pleading guilty to the charges and by the failure of the Court to grant a continuance." [*Id.*, p. 33, ¶1] The motion also alleged that although defendant denied that he was forced or coerced into pleading guilty, "... he feels that he was coerced by his family to forego the trial and

3

plead guilty and that the plea bargain is not in his best interests." [*Id.*, p. 34, ¶4] Further, petitioner alleged, "... that the shootings that occurred were not committed with specific intent to kill and were in fact accidental, and occurred after Defendant dropped his gun and he and Travis Miller scrambled for the gun and jointly struggled over it, causing it to discharge and strike Porsha Malone and Travis Miller." [*Id.*, ¶7]

On July 30, 2007 a hearing was convened. The trial court observed that even if the allegations contained in the motion were accepted as true, petitioner had not alleged sufficient grounds to warrant the withdrawal of the guilty plea, since pursuant to the jurisprudence interpretive of La. C.Cr.P. art. 559, once sentence has been imposed, a guilty plea can only be withdrawn following a showing of good cause and good cause has been defined by the jurisprudence to include constitutionally infirm pleas.[1]

---

[1] In the case cited by the District Court, State v. Filer, 1999-626 (La. App. 3 Cir. 2000), 771 So.2d 700, 774, writ denied, 2000-2918 (La. 9/21/01), 797 So.2d 63, the Third Circuit Court Appeals made the following observations -- "La. Code Crim.P. art. 559 provides that '[t]he court may permit a plea of guilty to be withdrawn at any time before sentence.' The Louisiana Supreme Court has consistently held that the discretion to permit a guilty plea to be withdrawn is vested in the trial judge but cannot be exercised arbitrarily. State v. Johnson, 406 So.2d 569 (La.1981). After sentencing, a guilty plea may be withdrawn only if it is shown that the plea is constitutionally infirm. State v. Barnes, 596 So.2d 302 (La.App. 3 Cir.1992). It is well settled that a guilty plea is constitutionally infirm when a defendant is induced to enter a plea by a plea bargain, or by what the defendant justifiably believes was a plea bargain, and that plea bargain is not kept. In that instance, the defendant's plea is not considered to have been freely and knowingly given. State v.

Thereafter, counsel argued that petitioner "... had some kind of problems, and was getting SSI, which [counsel] was not aware of and [petitioner] had some mental disability." The trial court, nevertheless, determined that petitioner's plea was freely and voluntarily given and denied the motion. [*Id.*, pp. 43-57]

It does not appear that petitioner sought review of the denial of his motion to withdraw plea or review of his conviction and sentence until June 12, 2009 when petitioner filed a *pro se* application for post-conviction relief in the Ninth Judicial District Court.[2] Petitioner raised four claims for relief, (1) ineffective assistance of counsel based on counsel's failure to adequately offer mitigating evidence at sentencing and involuntary guilty plea as a result of erroneous advice of counsel; (2) an unspecified violation of due process; (3) insufficient evidence; and, (4) defective bill of information. [*Id.*, pp. 58-66]

On June 22, 2009 the trial court denied relief without a hearing noting, "At the time of the guilty plea, the defendant bargained with the State of Louisiana as to sentence and waived his

---

Dixon, 449 So.2d 463 (La.1984)."

[2] The form provided to Louisiana prisoners seeking post-conviction relief asks, "Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any application for post-conviction relief with respect to this judgment in any state or federal court?" Petitioner responded "No." [Doc. 1-3, p. 60 at ¶12] The form also inquires, "Have you filed any other applications for post-conviction relief with respect to the challenged conviction?" [Id., p. 61 at ¶13(c)]

right to file an Application for Post-Conviction Relief. [citation omitted] Also a guilty plea waives all non-jurisdictional pre-plea defense including claims of pre-trial ineffective assistance of counsel. [citation omitted]" [*Id.*, p. 67]

On August 31, 2009 petitioner filed a *pro se* hand-written "Motion for Review" in the Ninth Judicial District Court. Petitioner alleged "... that he wishes to have his Motion to Withdraw a Guilty Plea reviewed by the Honorable Court resulting from 7-3-2007 because there were certain information withheld from the petitioner prior to him excepting [sic] the guilty plea from the State. The information withheld was so vital that if petitioner would have known he wouldn't have accepted the plea bargain offered by the State because being that the petitioner wasn't familiar with the law are [sic] the proceedings of the court and his counselor being ineffective never explain to him the rights that he had." He alleged further that his plea was infirm because "...he was pressured into taking the plea bargain by his attorney saying that it was in petitioner's best interested and then later talked with petitioner's family without his permission asking them to talk sense into [their] son and brother..." [*Id.*, pp. 72-81]

On August 19, 2009 the Third Circuit Court of Appeals denied a writ application previously filed by petitioner finding "There was no error in the trial court's ruling. Furthermore, Relator's allegations of ineffective assistance of counsel and prosecutorial

misrepresentation were not submitted to the trial court; therefore, the allegations are not properly before this court." State v. Charles W. Deal, No. KH 09-00631. [*Id.*, p. 71]

On September 17, 2009 petitioner submitted a *pro se* hand written "Application for Supervisory Writ of Review and Certiorari" to the Third Circuit Court of Appeals. This pleading sought review of the denial of petitioner's June 12, 2009 application for post-conviction relief. [*Id.*, p. 83-95]

This writ application was received and filed in the Third Circuit Court of Appeals on September 24, 2009 and denied on February 4,2010, because the Court of Appeals found "... no error in the trial court's ruling." State v. Charles W. Deal, No. KH 09-01156. [*Id.*, p. 96]

In a pleading signed and dated March 12, 2010, petitioner applied for a "Writ of Certiorari Pursuant to C.Cr.P. arts. 881.5 and 882." In this pleading petitioner alleged, among other things, that his attorney promised to seek reduction of his sentence from 25 years to 15 years by way of an application for post-conviction relief. Petitioner's writ application was assigned Docket Number 2010-KH-662 and on some unspecified date, petitioner filed a supplemental brief in support of his application making reference to that Docket Number. [*Id.*, pp. 97-115]

On June 29, 2010 petitioner filed a *pro se* "Petition for Writ of Mandamus" in the Third Circuit. Therein he alleged that on

7

August 31, 2009 he filed a "Motion for Review" in the Ninth Judicial District Court which was never ruled upon. [*Id.*, pp. 68-70] The pleading was received and filed on June 30, 2010 and on August 13, 2010 the Third Circuit denied petitioner's writ application as follows, "Information obtained from the trial court indicates that a ruling was rendered on Relator's Motion for Review on September 14, 2009. Accordingly, Relator's petition for a writ of mandamus is denied as moot." State v. Charles W. Deal, KH 10-00774. [*Id.*, p. 82]

On March 25, 2011 the Supreme Court denied writs with regard to petitioner's writ application seeking review of the Third Circuit's judgment under Docket Number KH 09-01156. State of Louisiana ex rel. Charles W. Deal v. State of Louisiana, No. 2010-KH-0662. [Id., p. 116]

On May 3, 2011 petitioner filed the instant petition for *habeas corpus* raising the following claims for relief: (1) ineffective assistance of counsel (based on counsel's failure to investigate petitioner's "mental disability" and his failure to investigate the evidence); (2) counsel failed to object to the withholding of evidence by the prosecutor; (3) insufficient evidence; (4) defective bill of information.

### Law and Analysis

**1. Timeliness under § 2244(d)(1)(A)**

This petition was filed after the April 1996 effective date of

the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); In re Smith, 142 F.3d 832, 834, citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state

---

[3] Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. §2244(d)(1)(C), or (D) since the legal basis of petitioner's claims did not arise as a result of a newly recognized Constitutional right; nor does his petition allege the recent discovery of the factual predicate of his claims.

He has alleged that his petition is not barred "... because the Court held my motions in writs in [their] courts well over the statute of limitations making it impossible for the deadline to be met..." which suggests the existence of State created impediments as defined by §2244(d)(1)(B); however, as is shown below, the AEDPA period of limitations expired long before petitioner commenced his post-conviction litigation in the Louisiana courts.

9

court is not counted toward the limitation period. <u>Ott v. Johnson</u>, 192 F.3d 510, 512 (5th Cir. 1999); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. <u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. He did, however, file a Motion to Withdraw his plea and that matter remained pending until July 30, 2007 when it was denied by the trial court. He did not seek review of the denial of his motion and therefore, for AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the <u>expiration of the time for seeking such review</u>" [28 U.S.C. § 2244(d)(1)(A)], when the delays for seeking direct review of his motion to withdraw his guilty plea lapsed. Under the provisions of La. C.Cr.P. art. 914, petitioner had a period of 30 days within which to file a Motion for Appeal[4]

---

[4] La. C.Cr.P. art. 914(b)(1) provides, "The motion for an appeal must be made <u>no later than [t]hirty days after the rendition of the judgment</u> or ruling from which the appeal is taken." Petitioner could not appeal his conviction and sentence since under Louisiana law, a guilty plea waives all non-jurisdictional defects in the proceedings leading up to the plea [<u>State v. Crosby</u>, 338 So.2d 584 (La.1976)] and, pursuant to La. C.Cr.P. art. 881.2, "[a] defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which

or, until on or about August 27, 2007. Since petitioner's judgment of conviction and sentence became final under the AEDPA at the latest on August 27, 2007, he had one year, or until on August 27, 2008 to file his federal *habeas corpus* petition.

Petitioner cannot rely upon the tolling provisions of 28 U.S.C. §2244(d)(2) because by the time he filed his application for post-conviction relief on June 12, 2009, the AEDPA's limitation period had already expired and could not be revived by the otherwise timely filed state collateral attack. See Villegas, 184 F.3d 467.

Further, as noted above, petitioner contends that his petition is not barred "... because the Court held my motions in writs in [their] courts well over the statute of limitations making it impossible for the deadline to be met..." He thus suggests the existence of State created impediments as defined by §2244(d)(1)(B). However, even if petitioner could establish that the delays complained of amounted to a State created impediment, his petition would still be subject to dismissal as time-barred since it is apparent that any delays attributed to the Louisiana courts occurred after the AEDPA limitations period had expired.

---

was set forth in the record at the time of the plea." However, he could have appealed the denial of his motion to withdraw his guilty plea (compare State v. Tranchant, 2010-459 (La. App. 5 Cir. 11/23/2010), 54 So.3d 730] and therefore, finality of judgment should be reckoned from the date that his motion was denied.

11

## 2. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner has not alleged that he was actively misled by the state of Louisiana; nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. The

petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply.

Of course, this is a recommendation, and, as instructed below, petitioner may object to the recommendation. Should he choose to do so, he is encouraged to provide evidence and argument to support any claim that his federal *habeas corpus* was, in fact, timely or, that he is otherwise entitled to the benefits of statutory or equitable tolling.

### 3. *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the**

date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Alexandria, Louisiana August 8, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE